Argued April 26, reversed August 27, 1979

JACKSON,
*Respondent,*
*v.*
MILLER,
*Appellant.*

(No. 175-195, CA 13056)

598 P2d 1255

David W. Heynderickx, Portland, argued the cause for appellant. With him on the brief was William K. Shepherd, Portland.

Robert E. Martin, Portland, argued the cause for respondent. With him on the brief was Franklin, Bennett, Ofelt & Martin, P.C., Portland.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

Defendant appeals from a judgment for the value of personal propery lost. Plaintiff's theory and the court's finding was that a voluntary bailment existed by which defendant assumed a duty to protect and prevent loss to plaintiff's property. Defendant contends that the evidence does not support the finding of a bailment.

Plaintiff operated a cafe. When the cafe went out of business in the summer of 1974, plaintiff asked the defendant whether he could store his restaurant fixtures in defendant's garage. The garage was dilapidated. As plaintiff described it, it had no window panes or front door, it was filled with scraps of wood and garbage, and the roof leaked. Defendant said he had no plans for the garage and he allowed plaintiff to use it. Plaintiff applied tar-paper to the roof, boarded up the windows, placed his fixtures in it, attached a front door and put a padlock on it. He did not give a key to the padlock to defendant. No rent was paid. Plaintiff, when asked, did not testify that the repairs were in lieu of rent. Defendant said they were not. Plaintiff thought the arrangement was indefinite, but defendant thought it was for a few months until plaintiff started a new restaurant.

The garage was broken into a few months after the property was stored there. Defendant tried to inform plaintiff, but did not know plaintiff's address, telephone number or first name. Defendant moved out of his house in September, 1975, and posted a FOR SALE sign. In October, 1976, after the garage had been unlocked for over 20 months, defendant allowed a neighbor to remove the property for a church sale. In November, 1976, plaintiff discovered that the garage had been opened and his goods removed.

■ For a bailment to exist, there must be both possession and physical control by the bailee. A bailment may exist, for example, where one leaves cattle in the care of another. *State v. Black*, 193 Or 295, 236 P2d

[671]

326 (1951). Possession is defined to include the intent to exercise control over the goods.

"* * * The intent to possess, to assume custody and control over an object, is generally regarded as important an element of possession as is actual physical control. Given exactly the same physical relations to an object, the person may or may not be held to be in possession thereof, *according to whether or not he has the intent to exercise control over it.*" Brown, Personal Property, § 10.3, p 217. (Emphasis supplied.)

"* * * In the distinction between bailment, or possession, and mere custody, so-called, the element of *intent to control* and possess plays the leading part. Where the owner of goods places them in the actual physical control of another but *does not intend to relinquish the right, as distinct from the power, of dominion over them, there is no bailment or possession but only a mere custody.*" Brown, *supra*, § 10.4, p 223. (Emphasis supplied.)

Taking plaintiff's proof in its most favorable light, the element of intent to control has not been satisfied. Here, defendant was given possession only in the sense that the property was stored on his premises, but he neither intended nor was intended to exercise control over the property. The trial court found "a tacit understanding" that defendant would exercise control for the safety of the property,[1] but we find no evidence

---

[1] "I will make the finding that there was a bailment in existence in this particular case; I will also make the finding that there was consideration for the bailment so that it was not a purely gratuitous bailment. Based upon that, the defendant, Mr. Miller, did have some duty of care over the property located within the garage. However, the facts indicate to me also that there was somewhat of a tacit understanding between the parties that Mr. Jackson would also exercise some control or concern for the safety of the property, so there is an element, I think, involved here of his negligence perhaps coming into play along with Mr. Miller's negligence. I'll also make a finding based upon Officer Larkin's testimony that not all of the property was appropriated. His testimony is unequivocal that there was still some property in the garage at the time this discussion came down with Mr. Jackson, Mrs. Caufman, the officer, and the neighbors and so forth. Based upon all those factors, I will award judgment in favor of the plaintiff in the sum of $1,200.00."

to support that finding. Plaintiff contracted for use of defendant's premises. He did not grant control of his personal property. At most, defendant was given custody.

We do not determine whether plaintiff's proof was sufficient to allow recovery in conversion. The case was not tried, adjudicated, briefed or argued on the basis of any relationship other than bailment.

Reversed.